DAVID McWILLIAMS

*v.*

RICHARD P. MORGAN.

1. TRESPASS QUARE CLAUSUM FREGIT. The doctrine that in trespass *quare clausum fregit* the plaintiff can recover only for the first entry, and nothing for the use of the premises until there first be a re-entry by the plaintiff, has no application for the invasion of a constructive possession which the holder of the legal title has, though out of the actual possession, as there can be no re-entry when the owner has never first entered.

2. But if a re-entry were required, in such a case the subsequent abandonment of the premises by the defendant will be considered a constructive re-entry by the holder of the legal title.

3. SAME — *measure of damages.* Where a defendant enters without authority upon the constructive possession of the plaintiff, and uses the premises, the worth of the use of the property while the trespass is continued, will be the proper measure of damages.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. HENRY GARDNER, and Mr. HAMILTON SPENCER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, brought to the Livingston Circuit Court, by Richard P. Morgan against David McWilliams. The pleas were, the general issue and

60—75TH ILL.

the statute of limitations. To the latter plea there were two replications : first, that the plaintiff was enjoined by bill in chancery, filed by defendant, from commencing suit, for three years, concluding with an averment that the action did accrue within five years. The second replication was a general traverse of the plea.

At this stage of the proceeding there was a stipulation of the parties, that the defendant might prove on the trial that plaintiff, in an action on the injunction bond and upon the appeal bond executed on appeal in the injunction case, recovered damages occasioned by the injunction and appeal, the same as if pleaded, and that defendant might give in evidence any matter in reply to the first replication, which might be given if properly pleaded.

A jury was waived, and on these pleadings and stipulation the parties went to trial before the court, which resulted in a judgment for the plaintiff for $750 and costs. To reverse this judgment defendant appeals.

The *locus in quo* is described as a piece of land fifty feet wide, bounded on the east by Earl street, on the south by Chippeway street, on the west by the right of way of the Chicago & Alton Railroad Company, and on the north by Franklin street, all in the town of Dwight, in Livingston county.

It appears the defendant occupied this piece of land as a lumber yard, on which he piled lumber of various kinds, thereby depriving plaintiff of all benefit which would have accrued to him from its use and occupation.

The plaintiff established title by patent from the United States. There is no controversy about his title.

The first point made by appellant is, that nominal damages only should have been recovered. He insists that damages for the simple trespass or first entry are recoverable, and nothing for the use of the premises until there first be a re-entry by the plaintiff.

When the actual possession is involved the rule may be as

contended, but when the action is brought on that sort of possession called constructive, which the holder of the legal title has, though out of actual possession, the doctrine of re-entry is not applicable. There can be no re-entry where the owner has never in fact entered. The *gist* of this action is the injury to the possession. *Dean* v. *Comstock*, 32 Ill. 173; and the action will lie for any unauthorized entry. *Pfeiffer* v. *Grossman*, 15 ib. 53.

If a re-entry be required in such case, there was a constructive re-entry by plaintiff, when defendant abandoned the premises.

As to the amount of damages, and the principle on which they were allowed, the worth of the use of this property whilst the trespass continued was the proper measure, and they were not awarded for the same premises covered by the injunction proceedings. It was, if we do not mistake the evidence, for a different and distinct portion of the same land, but not the same piece.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*