THE WESTERN BOOK AND STATIONERY COMPANY

*v.*

CLARA JEVNE *et al.*

*Opinion filed April 17, 1899.*

1. EJECTMENT—*supplemental action of trespass for mesne profits in ejectment is abolished.* Section 43 of the act on ejectment, (Rev. Stat. 1874, p. 448,) providing that one who has recovered in ejectment, who seeks to recover damages for *mesne* profits, shall file a suggestion of such claim within one year from the judgment, abolishes the supplementary action of trespass for *mesne* profits.

2. TRESPASS—*trespass for mesne profits lies without judgment in ejectment.* Where a trespass amounts to an ouster of the owner and he again gains possession by re-entry he may maintain an action of trespass, laying the trespass with a *continuando* and recover *mesne* profits as well as damages for the ouster, and, as a general rule, the rental value of the premises is the measure of such *mesne* profits.

3. SAME—*an action of trespass for mesne profits lies after judgment in forcible detainer.* An owner who has recovered in forcible detainer against a tenant wrongfully holding over, may, upon his subsequent re-entry, maintain an action of trespass for *mesne* profits during such tortious possession, and the detainer judgment is admissible to establish the right of possession in the plaintiff and to show the character of the defendant's retention of the premises.

*Western Book Co.* v. *Jevne,* 78 Ill. App. 668, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

NEWMAN, NORTHRUP & LEVINSON, (ELMER E. JACKSON, of counsel,) for appellant:

The action of trespass for *mesne* profits has been abolished in this State by statute. *Harding* v. *Larkin,* 41 Ill. 413; 2 Starr & Curtis' Stat. 1896, p. 1624, chap. 45, sec. 43.

The action of trespass for *mesne* profits is supplemental to the action of ejectment, and must be founded upon a judgment in ejectment.

The remedy by action of ejectment being incomplete, in that the *mesne* profits could not be recovered in that

proceeding, the action of trespass for *mesne* profits was developed in the common law as an action supplemental to ejectment, and for no other purpose. 2 Blackstone's Com. book 3, p. 205; 2 Bouvier's Law Dic. 748; 1 Chitty's Pl. (15th Am. ed.) 193; Sedgwick on Damages, (7th ed.) 248; Sutherland on Damages, 343; Adams on Ejectment, 443; Tyler on Ejectment, 838-840.

That the action of trespass for *mesne* profits can be maintained only after judgment in ejectment has been universally conceded by the courts. *Baron* v. *Abeel,* 3 Johns. 481; *Harding* v. *Larkin,* 41 Ill. 423; *Ringhouse* v. *Keener,* 63 id. 233; *Mitchell* v. *Mitchell,* 1 Md. 58.

The action of trespass for *mesne* profits cannot be founded upon a judgment in forcible detainer. As to the nature and character of the action of forcible entry and detainer, see *Kipley* v. *Luke,* 106 Ill. 395; *Doty* v. *Burdick,* 83 id. 473; *Phelps* v. *Randolph,* 147 id. 335; *Allen* v. *Tobias,* 77 id. 169; *Baker* v. *Hays,* 28 id. 387; *Davis* v. *Lee,* 2 B. Mon. 300; *Greeley* v. *Spratt,* 19 Fla. 644; *Hyde* v. *Fraher,* 25 Mo. App. 414; *Lorimer* v. *Lewis,* 1 Morr. (Iowa,) 253; *Dillworth* v. *Fee,* 52 Mo. 130; *Moore* v. *Douglas,* 14 W. Va. 708; *Mason* v. *Hawes,* 52 Conn. 12.

CHYTRAUS & DENEEN, (OSCAR W. BRECHER, of counsel,) for appellees:

The gist of the action of trespass *quare clausum fregit* is a disturbance of the possession. Jaggard on Torts, 662.

After the forcible detainer judgment, and during the period of detention by the defendant, the right to immediate actual possession existed in the plaintiff herein, hence his right of action. It is the law that a wrongful, though peaceable, entry on land is a trespass. 1 Waterman on Trespass, 2.

The judgment in the forcible detainer proceedings was conclusive upon the question that the tenants here were treated by the landlord as trespassers, and they are to be so regarded. *Lambert* v. *Borden,* 16 Ill. App. 431.

By the re-entry of the disseizee he is remitted to his first possession, and then all who occupied in the mean-time, by what title soever they came in, shall answer un-to him for their time.  *Holcomb* v. *Rawlyns*, Cro. Eliz. 540.

The right of recovery for a continuous or lengthy de-privation of or injury to the possession is placed upon the ground of constructive possession in the plaintiff during the whole period he was wrongfully kept out. *Scheffel* v. *Weiler*, 41 Ill. App. 85.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Christian Jevne brought this action of trespass *quare clausum fregit* in the superior court of Cook county, against the Western Book and Stationery Company, appellant, alleging a continuous committing of the trespass and keeping him out of possession from July 1, 1893, until certain dates mentioned in the different counts of his declaration, during which time appellant took and re-ceived to its own use all the issues and profits of said premises, whereby he lost the issues and profits and was deprived of the use of the premises. In other words, the action is trespass for *mesne* profits alleged to have been unlawfully received by appellant during its occupancy of said premises. Appellant pleaded not guilty, and the issue was submitted to the court without a jury. Appel-lant was found guilty and the damages were assessed at $675, and judgment was entered accordingly for that sum and costs. An appeal was taken to the Appellate Court for the First District, and while the cause was pending there Christian Jevne died, and the appellees, his execu-tors, were substituted in his place. The judgment of the superior court was affirmed and a certificate of import-ance was granted, by means of which this further appeal was prosecuted.

At the trial it was proved that the premises were leased to the Belford-Clarke Company and sub-let to

appellant; that a five days' notice was served upon said parties to vacate the premises on July 13, 1893, for the non-payment of rent; that Jevne recovered a judgment in forcible detainer before a justice of the peace against said Belford-Clarke Company, Morrill, Higgins & Co., and appellant, July 19, 1893, for the recovery and restitution of the premises, and that appellant retained possession until October 4, 1893, when it turned over the keys and surrendered the premises. It was agreed by counsel that the fair rental value of the premises during the period in question was $250 a month, and counsel for appellant say they do not question the amount of the rent, but they objected at the trial to the introduction of the transcript of the judgment in forcible detainer, and to introduction of any evidence concerning rental value, unless it should first be shown that plaintiff had established his right to *mesne* profits by obtaining a judgment in ejectment. Their objection was overruled. They also submitted propositions of law to the effect that the action would not lie except after a recovery in ejectment, and these propositions were refused by the court.

It is argued on the part of appellant that this action of trespass for the rents and profits during the time which it held the premises is supplemental to an action of ejectment, and cannot be maintained until a judgment in ejectment has first been procured. There was formerly an action of this kind by which a plaintiff in ejectment was enabled to recover the rents and profits anterior to his judgment in ejectment. At common law, in order to complete the remedy in ejectment, where the damages allowed were nominal, an action of trespass was allowed to recover the *mesne* profits, and such an action, in which a recovery was sought by virtue of a right to possession on account of the legal title, could not be maintained until the right was established in the ejectment suit. The action of trespass for that purpose has been superseded in this State by the provision of section 43 of

chapter 45 of the Revised Statutes, for making and filing a suggestion of the claim for *mesne* profits, and the action for that purpose has been abolished. (*Harding* v. *Larkin*, 41 Ill. 413.) But the right to recover rents and profits during an unlawful occupation was not limited to cases where there had been a recovery in ejectment, and it could be maintained where there had been a re-entry without such a judgment. If a trespass amounts to an ouster of the plaintiff, and he again gains possession by a re-entry, he may maintain the action, laying the trespass with a *continuando* and recover *mesne* profits as well as damages for the ouster, and, as a general rule, the rental value of the premises is the measure of the *mesne* profits. (*Smith* v. *Wunderlich*, 70 Ill. 426; 1 Chitty's Pl. 177.) The worth of the use of the property while the trespass is continued is the proper measure of damages. (*McWilliams* v. *Morgan*, 75 Ill. 473.) "A disseizee, without re-entry, may have trespass for the disseizin itself, and, after re-entry, he may have trespass for any intermediate injury to the freehold, because he is restored to his possession *ab initio*." (4 Kent's Com. 119.) "For after his re-entry the law, by a kind of *jus post liminii*, supposes the freehold to have all along continued in him." (3 Blackstone's Com. 210.) By the re-entry he is remitted to his first possession, and he may then have an action of trespass for *mesne* profits during the time of the tortious dispossession. He is then considered to have had a constructive possession during that time. (2 Waterman on Trespass, 373.) In this case there has been an abandonment by the appellant and a re-entry October 4, 1893, and it is no objection that there had been no judgment in ejectment.

The gist of the action of trespass is the injury to the possession, and the judgment in forcible detainer established the right to possession in Christian Jevne. After that judgment the possession of appellant ceased to be contractual and became tortious, and it remained in possession as a trespasser. The action of forcible entry and

detainer was formerly criminal in its nature, but it has by statute become a civil action, designed for restoring the possession of real property. It is not an action to determine title, and a question of that kind cannot arise or be considered for any purpose. The right to immediate possession was, however, conclusively determined as between appellant and Christian Jevne. Appellant was estopped by the record from denying his right to such possession. Whether an owner of lands against whom a judgment in forcible entry and detainer has been rendered, on account of the forcible expulsion of a trespasser or tenant holding over without right, can make a defense or have relief against a suit for *mesne* profits is not involved in this case. This is the case of an owner who had demised the premises to a tenant whose possession had become wrongful. The judgment in forcible detainer was admissible in evidence to establish the right to possession in Christian Jevne and the character of the retention by appellant. Christian Jevne having established his right to possession, we see no reason why the rule stated should not apply upon his re-entry, and he be regarded as in constructive possession during the whole period. He proved his right to possession July 19, 1893, and the subsequent actual taking possession, and we think the law should assume that he had, during the time he was entitled, a constructive possession upon the same principle on which the law has indulged in a like presumption in other cases. The action is for an injury by an actual and continued trespass upon a possession which the law, for purposes of justice, will assume that Christian Jevne had. The rulings of the trial court were in accordance with our conclusions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*