## UTAH POWER & LIGHT CO. v. UNITED STATES.

### UNITED STATES v. UTAH POWER & LIGHT CO.

(Circuit Court of Appeals, Eighth Circuit. June 4, 1917.)

#### Nos. 4506, 4507.

APPEAL AND ERROR ☞1221—MODIFICATION OF OPINION.

Where, in a suit by the government to recover public lands unlawfully appropriated by a power and light company without compliance with the regulations of the Secretary of the Interior, the Circuit Court of Appeals decided that the damages sustained by the government were measured by the charges imposed by such regulations, and in a similar case the Supreme Court subsequently *held* that the scale of charges imposed by such regulations was not binding, and that the government was entitled to the reasonable value of the occupancy and use, the Circuit Court of Appeals will modify its opinion to conform to that of the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4722.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes·

Appeal from the District Court of the United States for the District of Utah; J. A. Marshall, Judge.

On application by each party for rehearing or modification of opinion. Applications granted.

For former opinion, see 230 Fed. 328, 144 C. C. A. 470.

William W. Ray, U. S. Atty., of Salt Lake City, Utah, and J. F. Lawson, of Ogden, Utah, for the United States.

Graham Sumner, of New York City, and John F. MacLane, of Salt Lake City, Utah, for Utah Power & Light Co.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

PER CURIAM. November 24, 1915, we filed our opinion in the above-entitled causes (230 Fed. 342, 144 C. C. A. 484), wherein, upon the cross-appeal of the United States, we said:

"It remains to consider the contention of the government upon its cross-appeal, viz. that the courts should have decreed an accounting and damages as prayed. We are unable to perceive why that contention is not sound, and this notwithstanding the lands have not been injured and would not, perhaps, have been otherwise leased or used by the government during the same period. United States v. Bernard (C. C. A.) 202 Fed. 728-731, 121 C. C. A. 190; St. Louis v. Western Union Telegraph Co., 149 U. S. 465, 13 Sup. Ct. 990, 37 L. Ed. 810. It would seem further that the charge imposed by the regulations should fairly and reasonably measure the value of such use. Congress clearly has the power to prescribe the terms upon which it will permit the lands of the United States to be used or otherwise disposed of; and the authority to make such rules conferred upon executive officers is not a delegation of legislative power."

The cause was remanded to the District Court for an accounting for the reasonable value of use and occupation, and for such other proceedings as might be necessary in accordance with the views therein expressed. Since then, at the October term, 1916, the Supreme Court, in Utah Power & Light Company, Appellant, v. United States, Appellee, 243 U. S. 389, 37 Sup. Ct. 387, 61 L. Ed. 791, No. 202, and other cases consolidated for argument, Nos. 203 to 207, inclusive, involving the same question, has announced the rule with respect to the measure of compensation in the following language:

"As the defendants have been occupying and using reserved lands of the United States without its permission and contrary to its laws, we think it is entitled to have appropriate compensation therefor included in the decree. The compensation should be measured by the reasonable value of the occupancy and use, considering its extent and duration, and not by the scale of charges named in the regulations, as prayed in the bill. However much this scale of charges may bind one whose occupancy and use are under a license or permit granted under the statute, it cannot be taken as controlling what may be recovered from an occupant and user who has not accepted or assented to the regulations in any way."

Both parties hereto have united in an application for such modification of our opinion as may be necessary to make it conform to that of the Supreme Court as hereinabove set forth. In our opinion, this application is meritorious and should be sustained, and the directions to be included in the mandate should be shaped accordingly.

It is so ordered.