Submitted on briefs January 29, modified February 18, 1919.

## IRWIN v. McELROY.

(178 Pac. 791.)

**Trespass—Action for Mesne Profits—Option of Plaintiff.**

1. In action to recover mesne profits, plaintiff owner of premises at his option may recover value of crops grown by trespasser, if they exceed rental value, or may recover value of rents and profits converted by trespasser.

**Action—Misjoinder of Causes—"Injuries to Property."**

2. Causes of action for damages for conversion of rents, use and profits of farm belonging to plaintiff, to recover damages for conversion of mowing-machine, to recover damages for unlawful cutting of timber, and to recover damages for permitting noxious weeds to grow *held* causes of action for injuries to property within Section 94, subdivision 4, L. O. L., therefore properly joined.

**Appeal and Error — Harmless Error — Striking Cause of Action from Complaint.**

3. Where there was no misjoinder of causes of action in complaint, permitting its amendment by striking out one of the four causes of action was not error of which defendant could complain.

**Trespass—Conversion of Rents and Profits of Land—Prior Possession —Evidence of Title.**

4. Prior possession is itself some evidence of title to land, in an action for conversion of its use, rents, and profits, against a wrongdoer claiming no title.

**Trespass — Conversion of Rents and Profits — Occupation of Land by Defendant—Sufficiency of Evidence.**

5. In action for conversion of rents and profits of farm, for conversion of mowing-machine, etc., evidence *held* sufficient to sustain finding land was occupied by defendant during years in question.

**Appeal and Error—Review—Findings of Trial Court.**

6. Where there is any evidence to sustain findings of trial court, they will not be disturbed.

Trespass—Cutting and Removal of Timber—Sufficiency of Evidence.

7. In action for conversion of rents and profits of farm, for damages from cutting and removal of timber, etc., evidence in relation to cutting of timber by defendant *held* sufficient to sustain finding for plaintiff.

Trespass—Permissive Growth of Weeds—Recovery.

8. Owner of farm *held* not entitled to recover against wrongful occupant for injuries caused by growth of noxious weeds; trespass complained of not being positive, like cutting of timber, but permissive only.

Trespass—Recovery for Failure to Cut Weeds.

9. Owner of farm, having sued its wrongful occupant in trespass only, should not be permitted to recover because defendant did not cut down or remove noxious weeds.

From Jefferson: T. E. J. DUFFY, Judge.

In Banc.

This is an action at law brought by the plaintiff against the defendant to recover damages: First, for the alleged conversion of the "use, rents and profits" of a certain ranch, or farm, alleged to belong to the plaintiff, from September 1, 1914, to September 1, 1916. Second, to recover damages for the alleged conversion of a mowing machine. Third, damages for the unlawful cutting and removing of trees, timber and wood from the land, and, fourth, damages for permitting noxious weeds to grow upon said premises.

By stipulation, the case was tried before the court without a jury, and resulted in findings for the plaintiff on the first cause of action in the sum of $150; on the third cause, in the sum of $15, and on the fourth cause, in the sum of $25. The second cause of action for the conversion of the mower was dismissed at the trial upon the motion of plaintiff.

The defendant demurred to the complaint generally upon the ground of misjoinder, and to each of the causes of action specifically upon the ground that the complaint as to that cause did not state sufficient facts.

The case comes here upon demurrer, and also upon error assigned in allowing plaintiff's motion to dismiss the second cause of action over defendant's objection, and error in overruling a motion for nonsuit, and error as to each of the findings of fact. There were also assignments of error as to the admission of evidence at the trial, but these are unimportant and are not alluded to in the brief.     ·     MODIFIED.

For appellant there was a brief submitted over the names of *Mr. Denton G. Burdick* and *Mr. Max A. Cunning.*

For respondent there was a brief prepared and presented by *Mr. Lewis H. Irving* and *Mr. W. P. Myers.*

BENNETT, J.—The really important questions involved arise upon the demurrer and motion for nonsuit. It is contended on behalf of appellant that the first cause of action alleged, is for "use and occupation" of the premises in question, and that this is an action on a contract in the nature of an action of *assumpsit;* that the second and fourth causes of action were in the nature of an action for a tort and injury to property, and, therefore, could not be joined with the first cause of action under our Code.

Section 94, L. O. L., provides:

"The plaintiff may unite several causes of action in the same complaint when they all arise out of,

"1. Contract, express or implied; or

"2. Injuries, with or without force, to the person; or

"3. Injuries, with or without force, to property; or

"4. Injuries to character; or

"5. Claims to recover real property, with or without damages, for the withholding thereof; or

"6. Claims to recover personal property, with or without damages, for the withholding thereof; or

"7. Claims against a trustee, by virtue of a contract, or by operation of law;

"But the causes of action so united must all belong to one only of these classes."

If the first cause of action, alleged by plaintiff, was based upon a contract expressed or implied, it could not, of course, have been properly joined with the other causes of action alleged in the complaint, which are clearly *ex delicto.* At common law there were many fine distinctions as to the form of action for trespass and mesne profits, and there is some discordance in the authorities, as to whether the tort could be waived in case of trespass, and an action brought upon an implied contract to recover the rent; and there is still some controversy as to whether the tort can be waived, and action be brought upon such an implied contract, under the Code. We think, however, there was no attempt to waive the tort and sue on the contract in this case. The action was to recover for the alleged continuing trespass and damages for the same. It was alleged that the defendant "converted" the use, rents and profits, and the action was for the conversion and not upon an implied promise to pay. The value of the rents and profits was alleged, not for the purpose of basing an implied contract to pay thereon, but as a measure of damages for the conversion.

We think the proceeding was in the nature of an action to recover mesne profits, and closely assimilated to the recovery of damages, under Section 325, L. O. L., as incidental to an action of ejectment. Here the plaintiff seems to have regained possession before the action was brought, and, therefore, could not bring

the action of ejectment, but his right to recover for the unlawful possession, while it continued, was in no way changed thereby.

1. It seems well settled that in such an action the plaintiff may, at his option, recover the value of the crops grown by the trespasser, if they exceed the rental value; or he may recover the value of the rents and profits, converted by the trespasser: *Trustees of Union College* v. *City of New York,* 173 N. Y. 38, 42 (65 N. E. 853, 93 Am. St. Rep. 569); *Negley* v. *Cowell,* 91 Iowa, 256, 260 (59 N. W. 48, 51 Am. St. Rep. 344); *United States* v. *Bernard,* 202 Fed. 728, 731 (121 C. C. A. 190); *Western Book Co* v. *Jevne,* 179 Ill. 71, 75 (53 N. E. 565); *Jacob Tome Institute* v. *Crothers,* 87 Md. 569 (40 Atl. 261); *Johnson* v. *Park,* 13 Ky. Law Rep. 437 (17 S. W. 273); *Holmes* v. *Davis,* 19 N. Y. 488.

In *Western Book Co.* v. *Jevne,* 179 Ill. 71, 75 (53 N. E. 565), it is said:

"But the right to recover rents and profits during an unlawful occupation was not limited to cases where there had been a recovery in ejectment, and it could be maintained where there had been a re-entry without such a judgment. If a trespass amounts to an ouster of the plaintiff, and he again gains possession by a re-entry, he may maintain the action, laying the trespass with a *continuando* and recover mesne profits as well as damages for the ouster, and, as a general rule, the rental value of the premises is the measure of the mesne profits. The worth of the use of the property while the trespass is continued is the proper measure of damages."

In *United States* v. *Bernard,* 202 Fed. 728 (121 C. C. A. 190), in the Federal Circuit Court of Appeals for the Ninth Circuit, Judge Gilbert, writing the opinion of the Court, said:

"The measure of damages for an appropriation of land by a continuing trespass, is the worth of the use of the property."

In *Trustees of Union College* v. *City of New York,* 173 N. Y. 38, 42 (65 N. E. 853, 93 Am. St. Rep. 569); in an action for ejectment and mesne profits, it is said:

"The plaintiff, in recovering judgment, was entitled, by way of damages, to the rents and profits, or the value of the use and occupation of the land, from the commencement of the action."

2. It follows that the first cause of action alleged in the complaint was in the nature of an injury to property—the conversion of the rents and profits, which were "property" belonging to the plaintiff, and, therefore, came within subdivision 3 of Section 94, L. O. L. The other causes of action alleged were also clearly for an injury to property, and, therefore, came within the same subdivision, and there was no misjoinder.

3. It also follows there was no error, of which the defendant could complain, in permitting the plaintiff's complaint to be amended by striking out the second cause of action. There being no misjoinder the defendant could not be injured thereby.

4–6. There is an objection appearing in the bill of exceptions, to the proof of ownership on the part of plaintiff, but this does not seem to be alluded to, in the brief on behalf of appellant, and was probably intended to be waived. At any rate, we think the evidence was sufficient to take the case to the jury under the rule, that a prior possession, is itself some evidence of title, against a wrongdoer claiming no title: *Smith* v. *Lorillard,* 10 Johns. (N. Y.) 338; *Den* v. *Mor-*

*ris,* 7 N. J. Law, 6 (11 Am. Dec. 508) ; *Burt* v. *Panjaud,* 99 U. S. 180 (25 L. Ed. 451) ; *Thompson* v. *Burhans,* 79 N. Y. 94. There seems to have been some evidence as to defendant's possession.

Mr. F. M. McClintic testified:

"Q. Do you know who occupied these premises, if anyone, during the period of time between the time that they [plaintiff and her husband] went away and the time they returned?

"A. Yes, sir. I see Charlie McElroy around the house there.

"Q. That is, this defendant here?

"A. Yes, sir."

And Mr. W. F. McClintic testified:

"Q. During the time from September 1, 1914, until August, 1916, do you know who occupied these premises, or had it in charge?

"A. Well, I didn't see nobody occupying it, but I did see Charlie McElroy working it.

"Q. What years did you see him working it?

"A. 1915 and 1916.

"Q. Did you see any growing crops on there in 1915?

"A. Yes, sir.

"Q. Did you see any stacks of grain on the premises in 1915?

"A. I saw stacks of hay. I don't know what— whether it was grain or hay. I will say I saw a stack and not stacks."

This evidence may not have been very satisfactory, but we think it was some evidence tending to show that the land was occupied by the defendant during the years in question, and where there is evidence to sustain the findings they will not be disturbed.

7. We also think there was sufficient evidence in relation to the cutting of the timber. One of the witnesses testified:

"Q. Do you know if any trees were cut from these premises during the time from September 1, 1914, to August, 1916?

"A. Yes, sir.

"Q. Do you know who cut them?

"A. I do.

"Q. You may state to the court who cut the trees.

"A. Charles McElroy."

Other witnesses testified that there were nine trees cut during the period, and to their value. We think this was sufficient evidence to sustain the findings of the court in that regard.

8. We do not think the plaintiff was entitled to recover on the fourth count, for injuries caused by the growth of noxious weeds. In this count the trespasses complained of were not positive, like the cutting of the timber, but permissive only. There is no allegation or proof that the growth of the weeds was *caused* by any act of the defendant.

9. The plaintiff having sued in trespass only, we do not think she should be permitted to recover because defendant did not cut down or remove the weeds. If defendant had undertaken to do so, every weed removed and every blade of grass cut down would have been a new trespass. There is no allegation or proof that the defendant in any way prevented the plaintiff from moving upon the premises and cutting down the weeds if she so desired. The plaintiff seems to have gone away and left the premises. During her absence the defendant trespassed upon the same. Under such circumstances plaintiff may recover for the value of the use of the premises while occupied by the defendant, but it would be going too far to say she should recover additional damages because the defendant did

not carry his trespass still farther and cut down the weeds naturally growing upon the land.

Judgment modified with costs of this court to appellant.                                    MODIFIED.