Argued January 23; affirmed February 4, 1936

# WINANS *v.* VALENTINE ET AL.

(54 P. (2d) 106)

*Porter J. Neff,* of Medford (Neff & Frohnmayer, of Medford, on the brief), for appellants.

*O. C. Boggs,* of Medford (Boggs & Boggs, of Medford, on the brief), for respondent.

CAMPBELL, C. J. Plaintiff is the owner of a small tract of land located near Medford, Oregon, on which is located a dwelling house, the home of herself and husband up until the time of his death. There was also upon the premises the usual outbuildings including garage, barn and chicken houses. The dwelling house was well constructed and nicely furnished, with well-kept lawn and shrubbery. Sometime after her husband's death and on January 11, 1933, plaintiff let the premises to defendants, James Valentine and John Widner, under a written lease which contained the following covenants:

"And the said Lessees during the life of this lease promise and agree to take good and workmanlike care of all of said property, including the improvements on said land, and not to commit or permit any waste to be committed on said land or on the improvements and at the end of this lease agree to deliver up peaceable possession of all said property, including all the improvements on said land, in as good condition as the same were received, usual wear and tear and damage by the elements excepted. * * *

"The said Lessees further promise and agree to farm said land in a good and workmanlike manner and not permit any obnoxious weeds to go to seed or grow up on said land, and keep the same at all times in a good farmer-like condition."

Thereafter the said defendants, without the knowledge or consent of plaintiff, sublet the premises to defendant Harry Kessler, who entered into possession thereof and proceeded to convert the dwelling house into a night club and the chicken house into a cock-pit. A partition in the house was taken out and a bar for the

sale of drinks, both hard and soft, substituted therefor. This was prior to the repeal of the Eighteenth amendment to the United States constitution, and there is little doubt but that the premises were used for unlawful purposes.

At the end of the term of the lease, plaintiff filed her complaint, in which she alleged the foregoing facts, and in which she further alleged that she was damaged to the extent of $450 by defendants committing waste to the real property by destroying the lawn, removing or destroying the shrubbery, neglecting the fruit vines and trees, permitting noxious weeds to mature and infest the land, digging pits in the chicken houses, removing tiling and sewers, and marring and tearing out partitions of the dwelling house.

She further alleges that she was damaged in the sum of $150 by reason of defendants destroying and mutilating the furnishings of the dwelling house. She alleges that this waste on the realty and damage to the personal property was willful and wanton; that it took considerable time to put the premises in condition to rent the same to someone else and that by reason thereof she was damaged in the sum of $300.

Defendant Kessler defaulted.

Defendants Valentine and Widner filed an answer in which they admit the renting of the premises, and the execution of the written lease; admit the subletting of the premises, and admit that certain changes were made by their tenant, and denied generally all the other allegations of damage to the realty. They admitted their tenant damaged the personal property to a small extent.

The cause was tried to a court and a jury, a verdict returned in favor of plaintiff, assessing her actual damages to the realty at $280, assessing her special damage for loss of rent in the sum of $50, and assessing

her damage to the personal property in the sum of $150. Thereafter judgment was entered for treble the amount of actual damages to the realty, and for the actual amount of damages to the personal property, and the loss of rent as found by the jury, in the total amount of $1,040. From this judgment defendants Valentine and Widner appeal.

The principal question presented by the pleadings and briefs of counsel is whether plaintiff may recover treble damages for waste to the real property under his complaint.

■ Defendant contends that the action is one for breach of the covenants in the lease and not an action for waste arising *ex delicto*.

The Oregon Code provides that all distinctions formerly existing "* * * between forms of actions at law is abolished and hereafter there shall be but one form of action at law, * * *": Oregon Code 1930, § 1-101. It further provides that the complaint, "* * * shall contain * * * a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition": Oregon Code 1930, § 1-604, sub-sec. 2.

"The plaintiff may unite several causes of action in the same complaint when they all arise out of * * *: 3. Injuries, with or without force, to property; * * *. But the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated": Oregon Code 1930, § 1-811.

The complaint herein states a cause of action for damages caused by waste to real property. It separately states a cause of action for damages for injury to personal property. It also separately states a cause of action for ordinary damages to real property which

plaintiff alleges she will suffer by reason of the loss of rental of both real and personal property while the same is being placed in repair.

The function of a complaint is to inform the court and the defendant of the facts on which plaintiff bases his right to recover. Under the Oregon law it matters not what plaintiff designates as his cause of action so long as the complaint contains a clear and concise statement of such facts. This is all the law requires and all that defendant is entitled to: Oregon Code 1930, § 1-604, sub-sec. 2.

The term "property", as used in our statute, above quoted, includes both real and personal property: *Irwin v. McElroy*, 91 Or. 232 (178 P. 791).

The supreme court of California, in construing a similar statute authorizing the joinder of causes, said:

"By the seventh subdivision of the sixty-fourth section of the Practice Act, 'Injuries to property may be joined in the same complaint.' By the very supposal, the injuries that may be so joined are independent and distinct. The property injured may be the same or different; it may be either personal or real; the title of the plaintiff to redress may be original in respect to one injury, while in respect to the other, or others, the right may have come to him by assignment." *More v. Bassini*, 32 Cal. 590.

In an English case, the court said:

"I am of the opinion that plaintiff is entitled to judgment. The case of *Kinlyside v. Thornton* (96 Eng. Rep. Reprint 657) decided expressly that a lessor may sue for waste in an action upon the case although the lease contains covenants upon which the lessor might maintain an action for the same wrong." *Marker v. Kenrick*, 138 Eng. Rep. (Reprint) 1169.

"If * * * a tenant * * * for years, of real property, commits waste thereon, any person injured thereby may maintain an action at law for dam-

ages therefor against such &ast; &ast; &ast; tenant, in which action there may be judgment for treble damages, &ast; &ast; &ast;''. Oregon Code 1930, § 5-305.

Assignments 2 and 3. These assignments of error are based on the action of the court in permitting witnesses to testify as to the value of the real property at the time defendants took possession and its value at the expiration of the lease.

Appellants contend that the true measure of damages is: ''The reasonable cost of restoring the premises to its former condition plus the depreciation of rental value in the meantime.''

The evidence clearly shows that the waste committed was voluntary, and, in many instances, willful, wanton, and in utter disregard of the rights of plaintiff.

■ Plaintiff's action regarding the realty is based on waste by the tenants and not on the covenants in the lease. The law imposes the duty on the tenant to take proper care of the premises. The covenants in the lease, though to the same effect, impose no new obligations:

''In all leases there are implied covenants unless expressly excluded. These implied covenants form as much a part and parcel of the contract, as if actually written or incorporated therein. When the effect of a contract is to invest a party with a legal right, such right exists as much for his benefit and protection as if expressly stipulated. The law implies an obligation on the part of the tenant to use the premises leased in a proper and tenantable manner, and not to expose the buildings to ruin or waste by acts of omission or commission. 'But in every lease there is,' said Mr. Chief Justice Waite, 'unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to use the property as not unnecessarily to injure it,' or, as it is stated by Mr.

Comyn, 'to treat the premises demised in such manner that no injury be done to the inheritance, but that the estate may revert to the lessor undeteriorated by the willful or negligent conduct of the lessee.' (Com. Land & Ten. 188) This implied obligation is part of the contract itself, as much so as if incorporated into it by express language. It results from the relation of landlord and tenant between the parties which the contract creates. (Holford v. Dunnett, 7 Mees. & W. 352)." *Powell v. Dayton S. & G. R. R. R. Company,* 16 Or. 33 (16 P. 863, 8 Am. St. Rep. 251).

"Waste is defined to be 'a spoil or destruction in houses, gardens, trees, or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion.' (2 Bla. Com. 281; 2 Bouv., tit. Waste.) 'The destruction or material alteration of any part of a tenement by a tenant (for life or years) to the injury of the person entitled to the inheritance.' (1 Steph. Com. 241) 'It may be committed as well by destruction of any part of a tenement.' (3 Bla. Com. 223; 2 Burrill, tit. Waste.) 'It is waste to alter buildings or vary in any manner permanent erections.' (6 Wait's Act. & Def. 239; Taylor's Landlord and Tenant, sec. 348; Wood's Landlord and Tenant, sec. 420.)

"From these definitions, to constitute waste, the injury to real property must be of a permanent character—some act which does a lasting injury to the property, or tends to destroy its identity. And as we have seen, this may be effectually accomplished by any material and substantial alteration of the property." *Davenport v. Magoon,* 13 Or. 3 (4 P. 299, 57 Am. Rep. 1). See also 27 R. C. L. 1011, § 1.

■ The measure of damages for waste is the diminution of the market value of the property caused by the injury. In the instant case, the leasing was for one year. The injurious acts causing the damage extended over the term and were not discovered by plaintiff until about its expiration. The evidence is to the effect that the property had a market value of $6,500 at the time defendants went into possession, and the market

value at the time they gave up possession was about $4,500.

There is abundant testimony to show that defendants had committed acts during their occupancy of the premises that would depreciate this value. Defendants offer no evidence of any other reason why the market value of the property should diminish during the same time.

This assignment of error is based on the court's instruction to the jury on the measure of damages.

■ The court instructed the jury in effect that the measure of damages was the difference, if any, between the market value of the property before the things were done and the fair market value of the property immediately after the things were done. He then instructed the jury:

"* * * that there has been evidence introduced here bearing upon the question as to what if any difference there was in the market value of the property immediately prior to this lease and immediately after, and you have heard that evidence and it will be for you to determine what that injury was, if any, to this personal property or these improvements by determining whether or not there was a difference between the fair market value immediately afterwards."

As applied to the facts in this case, this was a correct exposition of the law. It left it to the jury to determine what the injury was, if any, that reduced the market value of the premises.

The damage to the realty being for waste, the court did not err in entering judgment for treble the amount of actual damages.

Finding no error, the judgment will be affirmed. It is so ordered.

BELT, KELLY and ROSSMAN, JJ., concur.