DOWNEY, Judge
(dissenting).
As pointed out in the majority opinion, the question on this appeal is whether the cause of action alleged in appellant’s amended complaint falls within the ambit of § 768.041(1), F.S. 1973.
Appellant’s primary argument is that § 768.041(1), F.S. 1973, saves appellant’s cause of action against appellees, and I agree. The divergence of opinion as to applicability of the statute results from differing interpretations of the following phrase contained in the statute: “property damage to any person.” Certainly, in the field of automobile negligence litigation the term “property damage” clearly refers to physical damage to personal property, such as an automobile or to real property resulting from an automobile collision. However, § 768.041(1), does not speak simply to “damage to property” or “property damage,” it refers to “property damage to any person.” It seems to me that when one person wrongfully converts another person’s property the first person has inflicted property damage upon the second person. Absurd consequences would result if the construction urged by the appellees is accepted. For example, under that construction, if two individuals took a sledge hammer to one’s car and damaged it or totally destroyed it, the release of one would not release the other. But if the same two individuals stole the car, the release of one thief from civil liability would release the other. The legislature could not have intended so absurd a result. I would also point out that not a single reason has been advanced, nor have I been able to conjure one up, to explain why the legislature would have passed a statute which abrogated the common law rule regarding the release of joint tortfeasors and limited it to certain torts. Although appellees do not say which torts the statute includes, they seem to suggest that it includes negligent torts and some intentional torts. Of course it is specious to argue that only negligent torts are included, because wrongful death, (expressly included in the statute) could result from an intentional tort as well as from negligence. Moreover, malicious prosecution, an intentional tort, has already been judicially declared to *653 be within the statute. See Adler v. Segal, Fla.App.1959, 108 So.2d 773.
It should also be noted that appellant’s proposed construction is not unusual. Bouvier’s Law Dictionary, Third Revision, page 749, defines damage to personal property, inter alia, as the unlawful taking and detention thereof from the owner. Numerous cases have held that conversion is an “injury to property.” In McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L. Ed. 205, the Supreme Court of the United States had occasion to determine whether the plaintiff’s cause of action for conversion of stock certificates survived the defendant’s discharge in bankruptcy. The federal statute involved in that case provided that a discharge in bankruptcy released all provable debts except debts resulting from liability for, inter alia, “wilful and malicious injuries to the person or property of another.” In holding the term “injury to the property of another” included conversion, the Court stated:
“To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words. Bouvier’s Law Diet., ‘Injury.’ And this we understand is not controverted; but the argument is that an examination of our several Bankruptcy Acts and consideration of purpose and history of the 1903 amendment will show Congress never intended the words in question to include conversion. We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute, it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages, but remain obligated for one maliciously broken?”
In Irwin v. McElroy, 91 Or. 232, 178 P. 791 (1919), the court construed the provisions of a statute providing for joinder of claims involving “injuries with or without force, to property” and held that the statute permitted joinder of conversion claims with a trespass claim in a single action.
In Lamb v. Howard, 145 Ga. 847, 90 S. E. 63 (1916), the Supreme Court of Georgia held that a statute establishing venue for suits aginst a railroad company for injury to person or property applied to a suit against a railroad company for conversion. The court stated:
“ . . . here we are dealing with the expression ‘injury to property’ in its broad and general sense; and that according to the general and uniform interpretation of those terms, is broad enough to comprehend a wrongful conversion of property.”
Though there are numerous others, the final case I would refer to is Weldler v. Koppel, Sup, 100 N.Y.S.2d 300 (1950), citing Mintzer v. Windsor Lamp Mfg. Co, 175 Misc. 551, 23 N.Y.S.2d 990 (1940), which held that the New York statute of limitations for injury to property applies to cases involving conversion.
It is true that the statutes involved in the foregoing cases use the term “injury” while the statute in the present case uses the term “damage.” However this difference is not crucial since the terms “injury” and “damage” appear to be synonymous. Bouvier’s Law Dictionary, Third Revision, page 749, states that “there seems in this country to be no distinction between the words damage and injury.” Black’s Law Dictionary, Fourth Edition, page 924, says, “The words ‘damage,’ ‘loss,’ and ‘injury’ are used interchangeably and, within legislative meaning and judicial interpretation, import the same thing. In re City of Pittsburgh, 243 Pa. 392, 90 A. 329.” See also Cheek v. Durasteel Co, Mo.App.1948, 209 S.W.2d 548. In the same work Black (at p. 466) further states that “By damage, we understand every loss or diminution of what is a man’s own, occasioned by the fault of another.” The case of Williams v. Young, 105 Ga.App. 391, 124 S.E. *654 2d 795 (1962), holds that the words “injury” and “damage” in a negligence instruction are synonymous. Florida Standard Jury Instruction 6.1. a, seems to authorize a court to use the terms “loss,” “injury,” and “damage” interchangeably. See 31 F.S.A., 484.
Appellees suggest the location of the statute in question in a chapter entitled Negligence indicates something. But what? Certainly it does not indicate that the statute applies only to negligence cases since, as has previously been discussed, the statute covers intentional torts also. It seems more likely that the location of § 768.041(1) in the Negligence chapter is a fortuitous result from a regrouping of laws dealing with similar subject matter, namely, injuries or damages. When it was originally passed as Chapter 57-395, Caws of Florida 1957, the act bore the following title:
“AN ACT to permit the releasing of one tort-feasor without its effect being to release all tort-feasors, and providing for set-off in actions against other tort-fea-sors.”
The act was then placed in Chapter 54 of the Florida Statutes of 1957, a chapter entitled “Trial Practice and Procedure.” The later transfer of the act to Chapter 768 of the Florida Statutes cannot be taken as a change in the original meaning of the act. Shortly after passage of the act a law review article stated the following: “In 1957 Section 54.28 of the Florida Statutes was enacted. The statute abolishes the common law rule that release of one joint tortfeasor releases all other joint tort-feasors.” [1] Daniels, Torts, 14 University of Miami Law Review, 602, 629.
It seems to me that if malicious prosecution can be construed to fall within the statute as “personal injury to any person” (as was done in Adler v. Se-gal, supra) then surely conversion of one’s property must be contemplated with the term “property damage to any person.” Since that decision in 1959 the legislature has had numerous opportunities to nullify it by amending § 768.041(1), but it has chosen not to do so. In reliance upon Adler v. Segal, supra, commentators suggest the “personal injury” provision of the statute includes the invasions of individual rights. Kay, Civil Procedure and Appellate Review, 14 Miami Law Review 235, 281; Annot: Joint Tortfeasors — Release, 73 A.L.R.2d 403, 433.
Finally, appellees find comfort in Flowers v. Miskoff, Fla.App.1970, 233 So.2d 201, decided by this court. However, I would distinguish that case on two grounds. First, Flowers is a case sounding in contract, not in tort. Second, the statement that § 768.041(1) does not apply to conversion cases is dictum, as it was unnecessary to the decision in the case. If the first two grounds are insufficient to distinguish the Flowers case from the present case, then I think this court should recede from the foregoing statement contained therein. Courts do that from time to time! Darden v. State, Fla.App.1975, 306 So.2d 581, Second District Court of Appeal, opinion filed January 24, 1975. Thus, it appears to me the better reasoned conclusion is that § 768.041(1) applies to a conversion action so that the release of the Bank of Melbourne did not serve to release appellee.
Accordingly, I would reverse the final summary judgment and remand the cause for further proceedings.

. The author, Sam Daniels, takes a consistent position today as co-counsel for appellant.