BATES, Adm'r, etc., *v.* ST. JOHNSBURY & L. C. R. Co.

*(Circuit Court, D. Vermont.  October Term, 1887.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES—LICENSE FEE.
    Defendant used, without license, plaintiff's patent.  The referee found that while plaintiff had an established license fee, he was accustomed to vary it, and had authorized an agent to settle for infringements at a rate that would net the patentee one-half of the established license fee.  This latter rate the referee decided was a fair measure of damages.  *Held*, that the finding of the referee was conclusive.

2. INTEREST—ALLOWANCE AS DAMAGES.
    Although damages do not carry interest as such, interest may be allowed as part of the damages by the trier of fact, it being only a mode of stating the amount found.

*Elisha May*, for plaintiff.
*Stephen C. Shurtleff*, for defendant.

WHEELER, J.  This is an action for damages for infringement of a patent granted to the plaintiff's intestate for improvements in railroad car platforms, couplers, and buffers, and has been heard on the report of a referee.  There is no question but that the patent, which expired July 25, 1883, was valid; nor but that the defendant made use of the patented devices on its cars from July 1, 1880, until after the expiration of the patent.  It appears from the report that the patentee was in the habit of authorizing the makers of cars to put his patented improvements upon them, and of collecting for the use of the improvements afterwards of the railroad companies making use of them.  It is argued for the defendant that such authorized use would not furnish a cause of action for infringement.  This argument might be well founded as to cars upon which the improvements were so authorized to be placed.  But the referee has further reported that it does not appear who attached the improvements to these cars, and has not reported that the habit extended to them.  The use would be an unlawful infringement unless license or authority should be shown, and on those statements neither appears.  The plaintiff is therefore entitled to recover.

The referee has further reported that the patentee had a usual price of $100 per car for the right to use his improvements, from which he sometimes varied according to special circumstances, and that $550, being $50 per car, is the fair value of the damage to the patentee done by this infringement.  The plaintiff claims that on this finding he is entitled to recover $100 per car.  There is no question but that an established license fee is a proper measure of damages for an infringement of the same extent.  *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217.

But this is not an unvarying rule, and does not carry the right of recovery beyond the actual damages when the circumstances vary and the actual damages are made to appear.  *Birdsall* v. *Coolidge*, 93 U. S. 64.  The use by the defendant in this case was but for a small part of the term of the patent.  It is not made to appear whether the extent of the use

of the cars, or the extent of time during which they were used, were circumstances which governed the patentee ·in varying his price, except by inference; but it is plain that the length of time to be paid for would be important, and as circumstances might vary it this circumstance ought to be allowed its due weight in fixing the value of what was unlawfully taken. This value was a question of fact, in view of the usual price and its variations, and all the other circumstances, and within the province of the referee. His finding of the amount of the actual damages is conclusive.

He has also found interest from January 1, 1884, when a demand of payment appears to have been made, as a part of the damages. Although damages do not carry interest as such, interest may be allowed as a part of the damages by the trier of fact in awarding damages. This is only a mode of stating the amount found. *Littlefield* v. *Perry*, 21 Wall. 205.

Judgment on report for plaintiff for $550, and interest, $124.02, in all $674.02.