KITTLE *v.* ROGERS. SAME *v.* BRUNER. SAME *v.* SOLOMON and others. SAME *v.* FLINT.

*(Circuit Court, S. D. New York.* November 10, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—EXPIRATION OF PATENT.

The fact that a patent has but a few weeks to run is no ground for a demurrer to a bill for injunction of an infringement, and an accounting, and will not take away the jurisdiction of the court to grant such relief as the plaintiff may be entitled to; following *Kittle* v. *De Graaf*, 30 Fed. Rep. 689.

In Equity. Bill for injunction.

These are actions in equity, asking for a temporary injunction to restrain defendant from infringing a patent, and for an accounting. It appears that the complainant, Samuel Kittle, was the inventor of a spiral spring for use in mattresses, (*Kittle* v. *Hall*, 29 Fed. Rep. 508;) that January 4, 1870, he obtained a patent for his invention, which patent expired January 4, 1887. The number of the patent was 98,505. Actions were brought against several defendants for infringement, the bills being verified from 30 to 50 days before the expiration of the patent, the day for appearance being about a month before the expiration of the patent, and the day for answering or demurring being January 3, 1887. The defendant demurred on the ground that the patent had so short a time to run that the court had no equity jurisdiction.

*James P. Foster*, for complainant.

*Wheeler H. Peckham*, for defendants.

COXE, J.   There is nothing in these causes which distinguishes them from *Kittle* v. *De Graaf*, 30 Fed. Rep. 689.   It is thought that the language there quoted from *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217, is sufficiently comprehensive to include a case where the objection disputing the jurisdiction of the court is taken at the earliest possible moment.   Although the point was in that case first presented upon appeal, the decision is clearly to the effect that the trial court may retain jurisdiction, if, at the time the bill is filed, the complainant may obtain the equitable relief prayed for.

The demurrers are overruled.   The defendants may answer within 20 days.