## REEDY v. WESTERN ELECTRIC CO.

(Circuit Court of Appeals, Sixth Circuit. December 7, 1897.)

### No. 478.

1. **PATENTS—INFRINGEMENT SUITS—EQUITY JURISDICTION.**
    In a suit in equity for alleged infringement, a defense that the alleged infringing machines were in fact made, not under the patent sued on, but under an earlier patent, also owned by complainants, and that the latter patent had expired before the filing of the bill, is not a matter going to the jurisdiction of the court, but a defense on the merits. 66 Fed. 163, affirmed.

2. **SAME—DECREE PRO CONFESSO.**
    In an infringement suit, where an order and decree pro confesso is entered for want of an answer, and the cause is referred to a master for an accounting, the only question open before the master is the amount of damages and profits.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This was a suit in equity by the Western Electric Company against Henry J. Reedy for alleged infringement of a patent for improvements in electrical annunciators for elevators. In the circuit court an order, followed by a decree, of pro confesso, was entered against the defendant for failure to answer. A motion to set aside the default and dismiss the cause for want of jurisdiction was overruled (66 Fed. 163), an accounting was taken before the master, and a decree was entered for complainant. The defendant has appealed.

L. M. Hosea, for appellant.

George P. Barton, Charles A. Brown, and R. de V. Carroll, for appellee.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge. This suit is based upon patent No. 172,993 to Elisha Gray, dated February 1, 1876. This patent expired

February 1, 1893. The bill was filed May 31, 1892, nearly a year before the expiration of the patent. The bill alleged infringement of the patent by the appellant, Reedy. Injunction, with an account of profits and damages, was prayed for in the bill. The alleged infringement consisted in putting annunciators, the device covered by the patent, in hydraulic and steam elevators. A demurrer was sustained to the original bill, which was thereupon so amended as to remove the grounds of objection taken by the demurrer. The defendant failing to answer the amended bill within the proper time, a regular pro confesso order was entered, followed by a decree in favor of the plaintiff based upon that order, expressly adjudging that the plaintiff's patent was a good and valid one, that Gray was the original and first inventor of the improvement described in the patent, and that the annunciator which the defendant had used, and was still using, in elevators was an infringement of the patent. It was further adjudged that the plaintiff recover of the defendant the profits made or received by the defendant, and, in addition thereto, such damages as the plaintiff may have sustained by reason of the infringement. Motion was subsequently made by defendant below to set aside the pro confesso order and decree thereon, but this motion was overruled by the court. The case was referred to a special master for proof and account of profits and damages between July 1, 1882, and February 1, 1893, the date on which the patent expired. The report of the special master was filed the 25th of January, 1896, in which the master found that the defendant, between the 1st day of July, 1882, and the 1st day of February, 1893, sold and attached to elevators 47 of the infringing devices named in the decree of the court. The master further found that there was an established license fee of $25 for each of such patented devices, and determined that this was a proper measure of damages for the number of devices actually used by the defendant, and on this as a basis fixed the damages at $1,175. Notwithstanding the pro confesso order, the appellant appeared by counsel before the master at the introduction of the proof, and filed exceptions to the report, which were overruled, the report confirmed, and from the final decree the case is brought to this court.

The main contention now made in this court for reversal of the decree below is that it appeared in the proof before the master that the annunciators used by the appellant, Reedy, were actually made under and in accordance with what is called the "Hahl patent," No. 148,447, of March 10, 1874, which had expired before this bill was filed.[1] Upon the facts which it is insisted were thus disclosed before the master, the appellant, the defendant in the court below, moved the court to dismiss the suit, upon the ground that the facts brought out before the master showed that the court had no jurisdiction; it appearing, as is insisted, that the devices were made under the Hahl patent, which had expired before the suit was brought. It is said that on these facts the remedy is at law, and not in equity. It is

[1] The Hahl patent was also owned by the complainant.

difficult to understand exactly the theory on which this motion proceeded. The bill fully alleged ownership of the patent, and that it was valid, and further alleged distinctly infringement by the defendant, and injunction, with an account of profits and damages, was sought. The case made by the bill was clearly one properly within the jurisdiction of the court, and the court certainly had full jurisdiction to determine whether the facts thus alleged were true or not; in other words, to hear the case on its merits. It is well settled that the expiration of a patent pending a suit for infringement does not defeat the jurisdiction of a court of equity, although it is a reason for denying an injunction which was the basis of equity jurisdiction. Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090; Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217. If the defendant had regularly filed answer and made an issue on the facts stated in the bill, and had on hearing disproved the allegations of the bill, it would certainly not be insisted that this defeated the jurisdiction of the court. If so, exactly such a contention could be made in every case where the plaintiff fails on the merits, and, in such case, instead of adjudicating the merits and dismissing the bill, the result would be that the suit would be dismissed as without the jurisdiction of the court, and the question left open for a new lawsuit. We think the argument for appellant overlooks the distinction between the facts which show that the merits of the case are against the plaintiff, and facts which establish that the court is without jurisdiction to determine the merits of the case. It is also very clear that the facts which the appellant's counsel says show that the plaintiff's remedy is at law really in their effect establish that the plaintiff is without any right to recover either at law or in equity, for, if the device were made under the Hahl patent, it is clear that the plaintiff could not recover in an action at law any more than by suit in equity, the suit being upon the Gray patent only.

As we have seen, the decree based on the pro confesso order adjudged the plaintiff's right to recover, and that it was entitled to an account of profits and damages for all the devices covered by the Gray patent, and used by the defendant between July 1, 1882, and February 1, 1893, and this decree, remaining undisturbed and in full force, is conclusive on this court, and the only question left open on the reference before the master was the amount of damages and profits. It is further insisted, as we understand the argument, that the report of the master is erroneous because it includes damages for devices made under the Hahl patent, as well as those made under the Gray patent; or, stated in another form, it fails to distinguish between devices made under the two patents. We do not think that the proof sustains this contention. It is further said that the license fee of $25 included a charge for the attachments covered by the Hahl patent, as well as the improvement in the Gray patent. We are satisfied, from an examination, that this view is not sustained by the proof. The proof shows that this charge of $25 was made after the expiration of the Hahl patent, as well as before, and the finding of the master is correct.

712 . 83 FEDERAL REPORTER.

Some other criticisms of the report of the master are made in the exceptions and argument, but we do not think these are valid. It is not insisted that there was any abuse of discretion by the court below in refusing to set aside the pro confesso order and the decree thereon, and the action of the court in that regard, being a matter of discretion, is not subject to review in this court.

We have examined the cases cited by appellant's counsel, and do not think they are applicable. The only question of jurisdiction which would arise in a case of this character would be that of equitable jurisdiction, as distinguished from jurisdiction at law, and cases relating to federal, as distinguished from state, jurisdiction are inapplicable. Upon the whole case, we are satisfied that there was no error in the proceedings and decree below, which is accordingly affirmed, with costs.

