## FILER & STOWELL CO. v. DIAMOND IRON WORKS. *

(Circuit Court of Appeals, Seventh Circuit.   January 4, 1921.)

No. 2806.

1. Patents ⬅319(1)—Profits which would have been made on sales prevented by infringement recoverable as damages.

Where an infringer was an old customer of a patentee and it was fairly deducible that the patentee by reason of the infringement lost the sale of the machines sold by the infringer, the profits which would have been made on such sales were recoverable as damages.

2. Patents ⬅319(1)—Profits which would have been made on sales of repair parts held recoverable as damages.

Where repair parts supplied by an infringer for its infringing machines were essential parts of the patented machine which but for the infringement would have been supplied by the patentee, the profits the patentee would have derived from their sale were recoverable as damages.

3. Jury ⬅13(9)—Statute authorizing recovery of damages in equity does not violate Constitution as to jury trial.

Rev. St. § 4921 (Comp. St. § 9467), authorizing courts of equity in patent suits to assess the damages from an infringement and to increase such damages as in actions of trespass upon the case does not violate Const. Amend. 7, preserving the right of trial by jury in suits at common law where the value in controversy exceeds $20.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit by the Diamond Iron Works against the Filer & Stowell Company. From a decree for complainant, defendant appeals. Affirmed.

F. E. Dennett, of Milwaukee, Wis., for appellant.

F. A. Whiteley, of Minneapolis, Minn., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges

ALSCHULER, Circuit Judge.   The appeal is from a decree awarding damages for infringement of United States letters patent No. 777,-779, to Dittbenner for a sawmill hog.   A prior decree in same cause finding the patent valid and infringed was affirmed by this court.   250 Fed. 454, 162 C. C. A. 524.   The suit was in equity for injunction and accounting, and injunction was awarded as prayed.

Upon accounting before the master it was found and reported that appellant's total profits derived from the infringement were $25,226.83; that the total damages suffered by appellee were $22,227.73; and that appellee was entitled to recover at its election either the profits or the damages.   The District Court disapproved the master's finding as to profits on the ground that the evidence thereon was not sufficiently definite, but approved the findings as to damages, increasing them by $10,000, decreeing damages to appellant in the sum of $32,227.73.

[1, 2] Appellant contends the evidence fails to show that appellee sustained damages.   The damages found, apart from the exemplary damages of $10,000, can be summarized under two heads:   (1) Damages from loss of sale of 74 mill hogs, $11,042.72; and (2) damages

from loss of sale of repair parts for infringing hogs, $11,185.01. Appellant was an old customer of appellee for these hogs, and in the years preceding the infringement had sold many of them, and from all the evidence it is fairly deducible that through appellant's infringement appellee lost the sale of the hogs that appellant wrongfully made and sold. There was evidence showing what profit appellee would have realized from such sales, wherefrom its damages and loss in this respect sufficiently appeared. This may also be said of the repair parts. The machines were designed for very heavy work, and in their use subject to great strain; and frequent renewal of parts was necessary. The evidence from appellant's own accounts shows what parts were supplied, and the master after rejecting the claim for some parts such as wrenches and the like, as not specially designed for such machines, designated and reported the parts made and supplied for the infringing machines by appellant, and found the profit which appellee would have made had it supplied these parts, and this finding was the basis of the decree as to the parts. The record, in our judgment, justifies the conclusion that these parts were essential parts of appellee's patented machine, which but for the infringement would have been supplied by appellee, and that through the infringement it suffered the loss of the profit it would otherwise have derived from their sale.

Our conclusion is that the decree as to the actual damages was warranted, and that the infringement, having been properly found to have been flagrant and willful, the District Court was further warranted in increasing the damages as it did, unless there is merit in appellant's further contention, going practically to all the damages beyond $20.

[3] This brings us to appellant's main contention, that under the Seventh Amendment to the Constitution appellant was entitled to a jury trial, the right to which at all stages was insisted upon. The amendment is:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

The contention involves section 4921, Rev. Stat. U. S. (Comp. St. § 9467), whereby actions arising under the patent laws are made cognizable in courts of equity, and the court is given power upon bill filed to grant injunctions according to the principles of equity, and upon finding infringement, to award the plaintiff profits and damages, with same power to the court of equity to increase damages as is provided in cases of damages found by verdicts of juries at law.

In Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, the question was whether under that act a suit in equity was maintainable for an accounting, predicated upon infringement of a patent which had long before expired, and under circumstances wherein it was claimed an action at law for damages would have afforded adequate remedy. In the opinion the authorities are reviewed at length, and the principles fully considered. The conclusion reached was that notwithstanding the broad terms of the statute its application must be limited to such cases

wherein under the recognized principles of equity there was ground for invoking equitable jurisdiction, in which event the jurisdiction would attach to administer relief touching all incidental matters. The true scope of the statute was indicated as follows:

"The whole force of the change in the statute consists in conferring upon courts of equity, in the exercise of their jurisdiction in administering the relief, which they are accustomed and authorized to give, and which is appropriate to their forms of procedure, the power not merely to give that measure of compensation for the past, which consists in the profits of the infringer, but to supplement it, when necessary, with the full amount of damage suffered by the complainant, and which, if he had sued for that alone he would have recovered in another forum, with power to increase the amount of the actual damages, as in courts of law. But as the account of profits, previously, was the incident of the suit, and not its object, so now the power to award damages and to multiply them is added as an incident to the right to an account."

Following this case was Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392, wherein, 15 days prior to the expiration of a patent, a bill was filed for an injunction against infringement of patent, and an accounting. It does not appear whether an injunction was awarded as prayed, but damages (not profits) were found and decreed to the plaintiff. The contention was made that for the damages the plaintiff had adequate remedy at law, and that the equity jurisdiction through the prayer for injunction was colorable merely, because of the near expiration of the patent. The court held that, if the complainant was entitled to an injunction even for the short period the patent had to run, the jurisdiction of equity attached, and that having attached, the expiration of the patent before an injunction was granted "would not take away the jurisdiction, and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort. This has often been done in patent causes, and a large number of cases may be cited to that effect. * * * There may be damages beyond this, such as the expense and trouble the plaintiff has been put to by the defendant; and any special inconvenience he has suffered from the wrongful acts of the defendant; but these are more properly the subjects of allowance by the court, under the authority given it to increase the damages."

Some expressions in Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, are with apparently much confidence quoted and urged by appellant's counsel as sustaining their position. But that case is not in conflict; on the contrary, it is quite in harmony with what is above stated. No question of damages was there involved. The decree was for gains and profits only, while that here is only for damages. In the opinion the scope of equity jurisdiction in such cases prior to the statute of 1870 was discussed, but further on, after quoting the damage provisions of that act, the opinion states that the statute "thus expressly affirms the defendant's liability to account for profits, as well as authorizes the court sitting in equity to award and to treble any damages that the plaintiff has sustained in excess of the defendant's profits," citing cases, including Root v. Railway Co. and Clark v. Wooster, supra.

Assuming that there was here clear infringement of an existing patent, the right of equitable interposition by way of injunction cannot well be doubted. Without it indeed, appellee could not have secured adequate relief. Story well states it in the words:

"It is quite plain that if no other remedy could be given in cases of patents and copyrights than an action at law for damages the inventor or author might be ruined by the necessity of perpetual litigation without ever being able to have a final establishment of his rights." Story, Eq. Jur. (13th Ed.) § 931.

We do not regard the statutory definement of the incidents attaching to the equitable jurisdiction, through the inclusion of damages, actual or exemplary, as in any way transgressing the Seventh Amendment.

In view of the pronouncements of the Supreme Court above-referred to, followed as they have been by innumerable adjudications of damages as incidental to equitable relief accorded in cases of patent infringement, further citation of authorities or discussion will be unnecessary.

We find none of appellant's contention made against the decree to be well grounded, and it is therefore

Affirmed.