PACIFIC TELEPHONE & TELEGRAPH CO. v. CITY OF SEATTLE et al.

(District Court, W. D. Washington, N. D. June 7, 1926.)

No. 530.

1. **Injunction ⊜⇒118(2).**

Complaint in suit to restrain city from taking possession of telephone property in its streets, pursuant to rights asserted under expired franchise, held to state a cause of action, good as against motion to dismiss.

2. **Injunction ⊜⇒64—Telephone company's suit to restrain city from taking possession of property in its streets held within equity jurisdiction.**

Telephone company's suit to restrain city from taking possession of property in its streets, pursuant to rights asserted under expired franchise, held within equity jurisdiction, in view of otherwise possible irreparable injury and inadequacy of remedy at law.

3. **Injunction ⊜⇒64.**

As telephone company, suing before expiration of franchise to enjoin city from taking possession of property in its streets on expiration of franchise, was not then a trespasser in streets, equity had jurisdiction.

4. **Injunction ⊜⇒110.**

Jurisdiction is determined as of time suit is commenced.

5. **Injunction ⊜⇒16.**

Equitable jurisdiction is not lost because legal remedy subsequently may become available.

6. **Evidence ⊜⇒25(2).**

Courts judicially know that city of Seattle may not engage in business of telephone service.

7. **Equity ⊜⇒3.**

One of essential functions of equity is to anticipate and prevent injury, where damage would be irreparable.

8. **Equity ⊜⇒44.**

To exclude a concurrent remedy in equity, a remedy at law must be complete, practical, and efficient, and meet the ends of justice.

9. **Constitutional law ⊜⇒54—City cannot delegate judicial power to superintendent of public utilities to adjudicate title to telephone property in streets.**

City cannot delegate or impose judicial power to and on its superintendent of public

utilities, and ordinance requiring such person to take possession of all telephone property in streets, if he found it impossible to segregate property to which city asserted title under expired franchise, *held* invalid.

### 10. Municipal corporations ⬳61—City can speak only through council.

City can speak only through its council, and affidavit of superintendent of public works cannot be considered in determining jurisdiction of suit to enjoin city from taking possession of certain telephone properties.

In Equity. Suit by the Pacific Telephone & Telegraph Company against the City of Seattle and another. On motions to dismiss and to transfer to law side of court. Motions denied.

Plaintiff seeks to enjoin the city from taking possession of, or attempting so to do, certain telephone properties held under city franchises. The plaintiff in substance alleges corporate capacity and relation and granting by the defendant city franchises over its streets, alleys, etc., to construct and maintain telephone poles, wires, etc., for a period of years, under Ordinance 4985 to the Sunset Telegraph & Telephone Company, and Ordinance 6498, to John S. McGroaty and George C. Blanker, assigned May 16, 1901, to the Independent Telephone Company; Ordinance No. 6498, among other things, providing: "The rights, privileges, and franchise herein granted shall continue to be in force for a period of 35 years from and after the date of its passage; if said poles, wires, and conduits, or any thereof, erected by said grantees, their successors or assigns, be not removed within a period of 3 months from and after the expiration of said 25 years, they shall become in that event the property of the city of Seattle"; Ordinance 7143, amending Ordinance 6498, and acceptance by the Independent Company, October 7, 1901; that on the 30th of January and March 9, 1912, the Independent Company assigned to the Sunset Company the franchise granted by Ordinance No. 6498, as amended; that on January 8, 1907, the Sunset Company sold and transferred to the plaintiff all of the properties owned by it in the city of Seattle, including the franchises granted by Ordinance 4985 and Ordinance 6498, as amended; that on the 3d of May, 1923, the plaintiff transferred to one F. H. Crosby the franchise granted by Ordinance 6498, as amended; that Ordinance No. 16081 of the defendant city requires a permit to do work under franchise, and provides how to be obtained and how issued, and designation of ordi-

nance under which permit is sought, and that ordinance 34508 fixes penalties for doing work upon public streets without permit; that application for permit to install property in the streets, etc., has to specify and designate the franchise under which applicant is operating.

Plaintiff states that at no time between the 8th day of March, 1912, and the 9th day of May, 1923, did it apply for and obtain permit to install poles, wires, etc., under Ordinance 6498, as amended, but as the holder of the franchise under Ordinance 4985, and that at no time prior to October 3, 1924, did the defendant city demand that the plaintiff make application for permits under Ordinance 6498, as amended; that no property was installed by permit under Ordinance 6498, as amended, subsequent to March 9, 1912; that by the provisions of section 12, Ordinance 6498, and section 8, article 12, of the Constitution of the state, the property installed under the provisions of Ordinance 6498, as amended, by the Independent Company, will become the property of the defendant city, and "it is not the intention of the plaintiff herein to remove" the same. It is then alleged that on the 29th of March, 1926, the defendant, through its council, passed Ordinance No. 50715, by which the superintendent of public utilities is directed to seize, on April 21, 1926, not only the property installed by the Independent Telephone Company, a list of which is attached to the complaint, "but also all property installed by the plaintiff herein in the streets, alleys, and public highways of the city of Seattle between March 8, 1912, and January 21, 1926," and that, unless restrained, the said superintendent will take possession of all poles, wires, conduits, etc., and deprive this plaintiff of their possession and use, to its great and irreparable damage; that the portions of Ordinance 50715, asserting title to all poles, etc., of the plaintiff, contravene article 5 and the Fourteenth Amendment to the Constitution, and are depriving the plaintiff of its property without due process of law.

Ordinance 50715, section 1, provides: "That the city of Seattle does hereby assert title to any and all poles, wires, and conduits of the Pacific Telephone & Telegraph Company, located in the public streets, the ownership of which accrues to the city under section 12 of Ordinance No. 6498, as amended; if not removed therefrom within a period of three months from and after January 21, 1926, that the superintendent of public utilities be, and he is

hereby, authorized and directed to take timely possession ⁎ ⁎ ⁎ and hold. the same, subject to the further order of the council: ⁎ ⁎ ⁎ Provided, however, that if said the Pacific Telephone & Telegraph Company has so commingled and confused the franchise property in the streets that it is impossible to segregate from the balance of said property the poles, wires, and conduits placed in the streets by the predecessors in interest of said company while owning the franchise granted by said Ordinance 6498, as amended, and by said company itself from and after the acquisition of said franchise and up to and including January 21, 1926, then, in such event, said superintendent of public utilities be, and he is hereby, authorized and directed to take possession of all poles ⁎ ⁎ ⁎ placed in the streets on or prior to January 21, 1926. ⁎ ⁎ ⁎"

The defendant has moved to dismiss, because insufficient facts are stated, and has also filed a motion to transfer the cause to the law side of the court.

Chadwick, McMicken, Ramsey & Rupp, of Seattle, Wash., and Pillsbury, Madison & Sutro, of San Francisco, Cal., for plaintiff.

Thomas J. L. Kennedy, Corp. Counsel, and Walter B. Beals and Ray Dumett, Asst. Corp. Counsels, all of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). [1] The motion to dismiss must be denied. Some cause of action is, I think, stated.

[2] Has equity jurisdiction, or has the plaintiff a speedy and adequate remedy at law? The property in the streets of the defendant city may be classified as installed (1) by the Independent Company prior to March 9, 1912; (2) by the Sunset Company prior to January 9, 1907; (3) by the plaintiff company between March 8, 1912, and July, 1923, under the Sunset franchise; (4) by the plaintiff company since July, 1923, under temporary permits. The plaintiff admits that all property installed by the Independent Company, remaining on the streets of the defendant on April 21, 1926, became on that date the property of the defendant (a list of the property is attached to the bill of complaint).

[3-5] The city contends that, all franchises having expired, the plaintiff is now a trespasser upon the streets of the city, and that it has an adequate remedy at law for damages accruing, and that the plaintiff, being a trespasser, may not invoke equity jurisdiction. This action was begun before Ordinance No. 6498 expired by limitation. Plaintiff, therefore, was not a trespasser at the inception of this suit (see, also, Doherty & Co. v. Toledo Ry. & L. Co. [D. C.] 254 F. 597), and the jurisdiction is determined as of the time the suit was commenced (Dawson v. Distilleries Co., 255 U. S. 288, 41 S. Ct. 272, 65 L. Ed. 638). Nor is equitable jurisdiction lost because a legal remedy subsequently may have become available. Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392; Busch v. Jones, 184 U: S. 598, 22 S. Ct. 511, 46 L. Ed. 707.

[6] The court judicially knows that the defendant city may not engage in the business of telephone service; that there is no concern capable of rendering efficient, or any, telephone service in the city, and that to qualify for such service would require an expenditure of large sums of money and much time in the placing of equipment; that the property in issue is an integral part of the telephone system of the plaintiff throughout the state, and to be deprived of its use, would prevent efficient service and destroy the revenues not only local, but long distance as well.

[7] One of the essential functions of equity is to anticipate and prevent injury where the damage would be irreparable or inadequate. Vicksburg Waterworks v. Vicksburg, 185 U. S. 65, at page 82, 22 S. Ct. 585, 46 L. Ed. 808. An order directing the seizure, and consequent disruption of the plaintiff's business, where damages are uncertain and injury irreparable, will awaken the conscience of the chancellor. North v. Peters, 138 U. S. 271, 11 S. Ct. 346, 34 L. Ed. 936. See, also, United States v. Bernard, 202 F. 728, 121 C. C. A. 190.

[8] Equity will not give relief where a plain and adequate remedy at law exists, but how could law compensate for the grievances of which the plaintiff complains, if consummated. Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580. In order to exclude a concurrent remedy in equity, the remedy at law must be complete, practical, efficient, and meet the ends of justice. Stephens v. Ohio State Telephone Co. (D. C.) 240 F. 759; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341; Davis v. Wakelee, 156 U. S. 680, at page 688, 15 S. Ct. 555, 39 L. Ed. 578. See, also, Castle Creek W. Co. v. City of Aspen, 146 F. 8, 76 C. C. A. 516, 8 Ann. Cas. 660; Destructor Co. v. City of Atlanta (D. C.) 219 F. 996.

[9] If the superintendent of public utilities of the defendant found that the plaintiff "has so commingled and confused the franchise property in the streets that it is impossible to segregate from the balance of the property poles, wires, and conduits placed in the streets by the predecessors in interest of said company, while owning the franchises granted by said Ordinance No. 6498, as amended, * * *" etc., then "he is hereby authorized and directed to take possession of all poles, wires, conduits of such company, placed in the streets on or prior to January 21, 1926. * * *" The city by this ordinance delegated to the superintendent of public utilities the power to adjudicate title to property erected under different ordinances, by adjudicating a fact with relation to confusion. This is a power which the city cannot delegate. The Supreme Court, in Turner et al. v. C., M. & St. P. Ry. Co., 46 S. Ct. 530, 70 L. Ed. ——, decision filed May 24, 1926, held that the Congress may not delegate to the Interstate Commerce Commission the power to fix a penalty for violating provisions of the Interstate Commerce Act, that being a legislative function which cannot be delegated. By the same token, the defendant city, through its legislative body, may not delegate or impose judicial power to or upon its superintendent of public utilities.

The plaintiff in its complaint charges that the defendant superintendent will execute such order unless restrained, and the presumption is that he will follow directions; the direction in the ordinance is a step indicating a purpose to interrupt the continuity of the plaintiff's telephone service, and, as said by the Supreme Court in Boise Artesian Water Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796, it is clear reason for the interposition of a court of equity, "for if that were done illegally or unconstitutionally an injury would be inflicted for which the law could afford no adequate remedy. In such a case it would be the plain duty of a court of equity to arrest the destructive steps until their legality or constitutionality could be determined." See, also, Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Fredenberg v. Whitney (D. C.) 240 F. 819.

[10] The affidavit of the defendant Jackson may not be considered in fixing jurisdiction. The city can speak only through its council. Old Colony Trust Co. v. City of Wichita (C. C.) 123 F. 762.

The motion to transfer to the law side is overruled.