*688 MEMORANDUM BY THE COURT
This case is now before the court for the determination of a just and reasonable compensation to the plaintiff for the infringement of Carley Patent No. 734118, which patent we have held valid and infringed (63 C. Cls. 517).
The specific invasion of plaintiff's rights was the purchase by the Government in 1918 of a quantity of life floats from the Athens Shipbuilding Corporation. There is no satisfactory evidence as to profits on the infringing structure made by this corporation.
*689 During the year 1918 the plaintiff had granted the Edwin A. Benchley corporation an exclusive license to manufacture and sell life floats under the Carley patent.
The terms of this license agreement provided for a sliding scale, dependent upon discounts from list price, and resulted in royalties during the year 1918 which varied from 20% to 13.75% of the actual selling price.
On April 29 a very large order was placed with the Edwin A. Benchley corporation. This order, which constituted about 95% of the business of the corporation, was made the subject matter of a special agreement between the licensee and plaintiff with a royalty of 10% of the selling price.
When the total amount received as royalties by the plaintiff under the above-mentioned agreements during the year 1918 is considered with reference to the total sales of the exclusive licensee, it is found to average 10.86% of the same.
By these agreements with its exclusive licensee and the acceptance of the 10.86% average royalty in 1918 plaintiff has established a compensation for the use of its patent monopoly for the approximate period during which infringement occurred.
Plaintiff urges that not only should reimbursement be made for any loss of compensation as measured by royalties, but it should also receive compensation on the basis of lost manufacturing profits to the licensee as well.
To this we can not agree. The Edwin A. Benchley corporation is not a party to the present proceeding, and the terms of the license agreement between plaintiff and the Benchley corporation clearly gave to the latter all manufacturing rights, even to the exclusion of the plaintiff. We quote from this agreement as follows:
“The party of the second part does hereby agree to give the party of the first part exclusive manufacturing and selling-rights in the life-saving device known as the Carley life float for the term of one year from date of this agreement. This grant from the party of the second part to the party of the first part shall include all manufacturing and selling rights in the'United States and foreign countries.
“The party of the first part is hereby authorized, empowered,. and permitted to seek and develop business in any legitimate manner that they may see fit. They shall have full and exclusive control and direction of the business of manu- *690 factoring and marketing Carley life floats, and they are hereby authorized to carry on, develop, and regulate such business without interference from the party of the second part or any person under said party of the second part.” (Italics ours.)
By this agreement plaintiff for a definite sum, called a royalty, conveyed to others all manufacturing rights and profits.
The rule to be applied in the present instance by a court of law has been clearly defined by the United States Supreme Court in the case of Tilghman v. Proctor, 125 U. S. 136, 143, in which it is stated:
“In an action at law for the infringement of a patent, the plaintiff can recover a verdict for only the actual damages which he has sustained; and the amount of such royalties or license fees as he has been accustomed to receive from third persons for the use of the invention, with interest thereon from the time when they should have been paid by the defendants, is generally, though not always, taken as the measure of his damages; but the court may, whenever the circumstances of the case appear to require it, inflict vindictive or punitive damages, by rendering judgment for not more than thrice the amount of the verdict.”
See also Clark v. Wooster, 119 U. S. 322, 326, which states:
“It is a general rule in patent causes, that established license fees are the best measure of damages that can be used. There may be damages beyond this, such as the expense and trouble the plaintiff has been put to by the defendant; and any special inconvenience he has suffered from the wrongful acts of the defendant; but these are more properly the subjects of allowance by the court, under the authority given to it to increase the damages.”
The total of the infringing sales amounted to $1,625,400. We find that a just and reasonable compensation is 10.86% of this sum, or $176,518.44, with interest at 6% on this latter sum from April 10, 1919, to the date of payment of the judgment.
The deliveries of the infringing floats began August 17, 1918, and were completed April 10, 1919, thus covering a period of slightly less than seven months.
Where the whole infringing period is of such short duration it is proper to figure interest as running from the end of such period. See Egry Register Co. v. Standard Register Co., 23 Fed. (2d) 438.
*691 Judgment for plaintiff for $176,518.44, with interest from April 10, 1919, to the date of payment of the judgment. It is so ordered.