## ACTIVATED SLUDGE, Inc., v. CITY OF FORT WORTH, TEX.
### No. 8126.

Circuit Court of Appeals, Fifth Circuit.
April 3, 1937.

Rehearing Denied April 28, 1937.

Warren C. Horton and Lynn A. Williams, both of Chicago, Ill., and J. A. Gooch, of Fort Worth, Tex., for appellant.

R. E. Rouer and Geo. C. Kemble, both of Fort Worth, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

On August 21, 1934, appellant filed a bill in equity in the United States District Court for the Northern District of Texas, alleging infringement of six patents, issued to Walter Jones on various dates, to wit: Nos. 1,247,540, 1,247,542, reissued patent No. 15,140, all expiring on November 20, 1934; No. 1,282,587, expiring on October 22, 1935; No. 1,286,017, expiring on November 26, 1935; and patent No. 1,341,561, reissued as No. 19,577, expiring on May 25, 1937. The patents relate to processes and apparatus for the purification of sewage, known as the Activated Sludge Process. The allegations of the bill show diligence in prosecuting infringement and favorable judgments secured. The bill prayed for preliminary and final injunctions and for an accounting with a money judgment, for damages and profits based thereon.

Defendant moved to dismiss the bill for want of equity, on various grounds usually urged in patent suits, and also to transfer the case to the law docket. Before any ruling was had on these motions, defendant filed an amended motion, in the alternative, to transfer the case to the law docket in so far as it related to patents that had then expired. These were all the patents except the last above mentioned. No answer was filed.

The court, purely on the pleadings, on March 6, 1936, overruled the motion to dismiss and granted the amended motion, thereby dividing the case between the law and the equity dockets. This appeal is from the order transferring part of the case to the law side of the court.

None of the patents in suit had expired when the bill was filed, although five of them had but a short time to run. It is apparent from the allegations of the bill, and it was so argued by appellant, that dividing the case between the law and the equity dockets would require duplication in the introduction of the evidence in support of the claim as the patents are closely related. Of course, the owner of a pat-

ent may sue for damages at law in any event, but he also is entitled to invoke equity jurisdiction for appropriate relief. To oust jurisdiction in equity the remedy at law must be as complete, practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Conceding that in the exercise of discretion the District Court might decline to issue an injunction on final hearing as to the patents that had expired, the equitable remedy of accounting remained. Considering that defendant is a municipality, not engaged in selling an infringing device or using the patented method of sewage disposal for profit, it would be extremely difficult to prove damages with sufficient certainty to warrant a jury verdict. Much of the difficulty of proof disappears when the equitable remedy of accounting is resorted to and plaintiff may be entitled to recover on that ground. Certainly, it would be more convenient to both plaintiff and defendant to have the case disposed of at one time and on the same evidence.

[4, 5] The order transferring part of the case to the law docket in effect denied an injunction and is appealable. Taylor v. Spurway (C.C.A.) 72 F.(2d) 97. That some of the patents had but a short time to run when the bill was filed did not deprive the court of equitable jurisdiction. Clark v. Wooster, 119 U.S. 322, 7 S.Ct. 217, 30 L.Ed. 392; Rice & Adams Corporation v. Lathrop, 278 U.S. 509, 49 S.Ct. 220, 73 L. Ed. 480.

We consider it was an abuse of discretion to transfer part of the case to the law docket. The order appealed from is reversed, and the case remanded, with instructions to proceed with the whole case in equity.