The TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Plaintiff,

v.

ROSS ELECTRIC OF WASHINGTON, INC., a Washington corporation, et al., Defendants.

No. C87–559TB.

United States District Court, W.D. Washington.

May 27, 1988.

Thomas S. James, Jr., Robert G. Homshick, Davis Wright & Jones, Seattle, Wash., for plaintiff.

John A. McKerricher, Baker, Paroutaud, Mano, McKerricher & Scheibmeir, Chehalis, Wash., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BRYAN, District Judge.

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment Concerning Response Costs. The Court has reviewed all memoranda and exhibits filed in support of and in opposition to the motion. The Court's reasoning and ruling follows:

The grant of summary judgment is appropriate if it appears, after viewing the evidence in the light most favorable to the opposing party, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir.1985); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In construing or interpreting the terms of an insurance policy, the generally applicable rules of contract interpretation should be applied. Such interpretation also constitutes a question of law. *Kelly v. Aetna Cas. & Sur. Co.*, 100 Wash.2d 401, 407, 670 P.2d 267 (1983). Unless the court finds an ambiguity in the disputed terms of the insurance contract, summary judgment is proper even though the parties may disagree on the legal meaning of the term. *Felice v. St. Paul Fire & Marine Ins.*, 42 Wash.App. 352, 356, 711 P.2d 1066 (1985).

### DISCUSSION

The plaintiff's motion presents two separate, but interrelated issues:

A. Whether response costs under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.* (CERCLA) are characterized as an equitable or a legal remedy; and

B. Whether the terms of Traveler's Comprehensive General Liability (CGL) insurance policy provides coverage for these response costs.

The parties, in their respective arguments, agree that property damage (within the definition of the CGL policy) had occurred on land leased to the defendants from the Public Utility District No. 1 of Lewis County, Washington. The damage was the result of pollution suffered by the environment while the defendants' business was in operation. Various state and federal entities have claimed, and will claim, compensation for the cleanup of the contaminated property. Under CERCLA, the subject of this motion, this compensation is referred to as response costs. 42 U.S.C. § 9607(a)(4)(A)–(B). The defendants argue that, since the full extent of the damages/response costs are unknown at this time, genuine issues of material fact exist.

The CGL insurance policy issued by Travelers to the defendants contains the following language:

> [The insurer will] pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... property damaged to which [this insurance] applies, caused by an occurrence ...

The plaintiff argues that since the CERCLA response costs are an equitable remedy, then, by the terms of the policy, response costs are not within the class of risks insured against by the plaintiff, since only legal damages will be paid by the insurer.

### ISSUE

Interpretation of the terms of this insurance contract is governed by Washington law. *See generally, Potlatch No. 1 Federal Credit Union v. Kennedy*, 76 Wash.2d 806, 809–10, 459 P.2d 32 (1969). At issue here is whether the term "legally obligated to pay as damages" is a limitation of coverage to legal damages only (as opposed to coverage for equitable remedies). The resolution of this issue is first dependent on whether response costs under CERCLA are an equitable remedy or are legal damages.

### A. Character of Response Costs.

The pertinent part of CERCLA provides for the recovery of response costs (§ 107(a)(4)):

(A) all costs of removal or remedial action incurred by the United States Government or a state ...;

(B) any other necessary costs of response incurred by any other person ...; and (§ 107(a)(4)):

(C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such release ...

The type of relief available under CERCLA is generally considered to be equitable in nature, and a jury trial is not usually provided. *See, e.g., Wehner v. Syntex Corp.,* 618 F.Supp. 37 (D.C.Mont.1984). Because the difference in dollar amount may be significant, the type of relief sought is critical for application to insurance policy interpretation and coverage. See, e.g., *Peevyhouse v. Garland Coal & Mining Co.,* 382 P.2d 109 (Okla.1962), *cert denied,* 375 U.S. 906, 84 S.Ct. 196, 11 L.Ed.2d 145 (1963) (cost of restoration of strip-mined land more than quadruple the value of the restored land). In attempting to determine whether response costs are an equitable remedy or legal damages, the better approach is to focus on "the form of the *relief* sought" rather than "the nature of the underlying action." *Maryland Cas. Co. v. Armco, Inc.,* 643 F.Supp. 430, 432 (D.Md.1986), *affirmed,* 822 F.2d 1348, 1352 (4th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 703, 98 L.Ed.2d 654 (1988) (emphasis in original). The insurance policy at issue here, by its use of the term "damages" is also framed in terms of the end result or remedy as opposed to the type of proceedings. *Maryland Cas., Id.*

The CERCLA statute itself has an inherent distinction between forms of relief for environmental pollution. Compensation for liability may be in the form of costs of removal or remedial action, costs of response, and/or damages for injury to natural resources. As observed by the Eighth Circuit, rehearing *en banc* the case of *Continental Insurance Companies v. Northeastern Pharm. & Chem. Co. (NEPACCO II),* 842 F.2d 977, 986 (8th Cir.1988), cleanup or response costs have been found to be analogous to restitution or the reestablishment of the status quo of the environment. *See also, Maryland Cas.,* 822 F.2d at 1353. Generally, "[o]ne of the essential functions of equity is to anticipate and prevent injury where the damage would be irreparable or inadequate." *Pacific Telephone and Telegraph Co. v. City of Seattle,* 14 F.2d 877, 879 (9th Cir.1926) (citations omitted). Damages, on the other hand, are traditionally viewed as a monetary substitution for a loss in value. *Maryland Cas., Id.* See also, *Felice v. St. Paul Fire & Marine Ins.,* 42 Wash.App. 352, 358, 711 P.2d 1066 (1985); *Seaboard v. Williams' N.W. Chrysler,* 81 Wash.2d 740, 742, 504 P.2d 1139 (1973). This distinction between response costs and damages appears to conform to a reasonable interpretation of the options contained in § 107(a)(4).

In this case, it is undisputed that response costs pursuant to § 107(a)(4)(A) and/or (B) are the subject of this lawsuit, not damages pursuant to § 107(a)(4)(C). Therefore, it appears that the type of relief sought is an equitable remedy. *Accord, Mraz v. Canadian Universal Insurance Co., Ltd.,* 804 F.2d 1325 (4th Cir.1986).

### B. Construction of the CGL Insurance Policy.

The focus of the defendants' argument is an analysis under Washington law of the term "property damage" and whether the response costs for the cleanup of the pollution is analogous to property damage for which legal damages typically attach. The plaintiff concedes that the property has been "damaged" but argues that the *remedy sought* by the governmental agencies, for which coverage is demanded, is equitable rather than legal. Plaintiff contends that since the policy only covers the legal remedy of damages, the insurance company has not insured against the response costs risk.

The *Seaboard, supra,* decision stands for the proposition that claims for injunctive or equitable relief, or actions which have the objective of compelling action by the insured, are not covered risks within the meaning of a CGL insurance policy. 81

Wash.2d at 744, 504 P.2d 1139. *Accord, Felice v. St. Paul Fire & Marine Ins.*, 42 Wash.App. at 357, 711 P.2d 1066 (citations omitted). Since the term "damages" has an "accepted technical meaning in law", it should be given effect according to its plain meaning; that is, legal damages, not including equitable relief. *Aetna Cas. & Sur. Co. v. Hanna*, 224 F.2d 499, 503 (5th Cir.1955); *NEPACCO II*, 842 F.2d at 985; *Felice*, 42 Wash.App. at 356, 711 P.2d 1066.

Since response costs under CERCLA are equitable in nature, then, under Washington law, they are not covered by the terms of the insurance policy. This conclusion gives meaning to the language of the insurance policy limiting coverage to *damages* for which the insured has become *legally obligated,* and to the intentions of the parties regarding risks covered. *Allstate Ins. Co. v. Neel*, 25 Wash.App. 722, 724, 612 P.2d 6 (1980). It appears that response costs under CERCLA are excluded from coverage and plaintiff's motion should be granted.

## ORDER

For the above-stated reasons, it is hereby

ORDERED that plaintiff's Motion for Partial Summary Judgement Concerning Response Costs is GRANTED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record.